### CRAWFORD v. PENNELL.

No. 14292.

Court of Civil Appeals of Texas. Dallas.

Dec. 15, 1950.

Rehearing Denied Jan. 12, 1951.

**532**

Joe A. Keith, of Sherman, and Gullett & Gullett, of Denison, for appellant.

Webb & Rogers and Lester C. Newman, all of Sherman, for appellee.

CRAMER, Justice.

Appellee Paul Pennell, as plaintiff, filed this suit in trial court against appellant W. S. Crawford, as well as against the County of Grayson and the Highway Department of the State of Texas, as defendants, for damages for personal injuries sustained by him when his jeep, which he was driving, fell through a bridge on High-way 697 in Grayson County, Texas; said Highway at the time being under construction, and under control of defendant Crawford. Parties will be designated as in the trial court. The defendant Crawford filed a plea of privilege to be sued in Dallas County, and from the overruling of that plea he has duly perfected this appeal. The testimony most favorable to the plaintiff was, in substance, that prior to commencement of the work on Highway 697, the bridge in question gave no trouble to the public using the same, except during high-water time; that defendant Crawford, during the construction by him as contractor under a farm-to-market road contract with the Highway Department of the State of Texas and Grayson County, used maintainers, gravel trucks, oil trucks, water trucks, bulldozers, and large eight-wheel tandem trucks loaded with bridge steel, on and across the bridge in question in connection with work on such Highway construction; and that after Crawford began using the bridge, the boards were knocked loose, many broken and cracked, piles of broken boards removed from the bridge often lay nearby; that people desiring to cross the bridge, in many instances stopped and replaced the boards that had been knocked loose, before they crossed the bridge; and on the morning of the accident in question, according to one witness, the planks across the bridge were "busted all to pieces."

The above is taken from plaintiff's brief and, on its face, shows passive rather than active negligence. Active negligence, or trespass at common law, in practice, is defined in Black's Law Dictionary, 3rd Ed., p. 1753, as follows: "A form of action, at the common law, which lies for redress in the shape of money damages for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant." And passive negligence, or trespass on the case, at common law, is defined at p. 1754: "The form of action, at common law, adapted to the recovery of damages for some injury resulting to a party from the wrongful act of another, unaccompanied by direct or

immediate force, or which is the indirect or secondary consequence of defendant's act. Commonly called, by abbreviation, 'case'." Chiles v. Goswick, Tex.Sup., 225 S.W.2d 411, and cases there cited. 33 Texas Jurisprudence 85, Personal Injuries, sec. 56; 8 Ten Year Supp. 760.

Using an old illustration of the difference between active and passive negligence,—if a man throw a log on the road and it does damage before it settles down and becomes still, the common law action is trespass, or for active negligence. If it results in damage after it becomes still, the action is trespass on the case, or for passive negligence.

Without further citation of authorities, we must sustain defendant's contention under the facts above quoted that venue cannot be sustained in Grayson County under subdv. 9, Art. 1995, Vernon's Ann.Civ. St.

Defendant's two remaining points will be considered together. They assert that venue cannot be maintained in Grayson County under subdvs. 4 or 29a, Art. 1995, V.A.C.S.

Plaintiff does not assign a counter point to the assertion that venue cannot be maintained under subdv. 4, supra. In addition to the evidence referred to in our discussion of the first point, plaintiff introduced House Concurrent Resolution No. 11, adopted by the House February 15, 1950 and by the Senate seven days later, which granted plaintiff permission to " * * * bring suit against the State of Texas and the Highway Department of the State of Texas, and Grayson County, * * *" on the claim based on the facts here asserted, in any court of competent jurisdiction in Grayson County within two years, under the usual rules of law and procedure, etc., applicable to an ordinary Texas corporation; any judgment to be paid by the Highway Commission of Texas out of State Highway funds, and providing such resolution should not be construed as an admission of liability. There was also introduced in evidence defendant Crawford's contract with the State Highway Department which contained the following pro-

visions: " * * * Legal Relations and Responsibilities to the Public * * * 7.11 Responsibility for Damage Claims. The contractor shall save harmless the State from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding the work by the contractor; or on account of any claims or amount recovered for any infringement of patent, trade-mark, or copyright, except as herein elsewhere specifically provided; or from any claim or amounts arising or recovered under the Workmen's Compensation Laws or any other laws. He shall be responsible for all damage or injury to property of any character occurring during the prosecution of the work resulting from any act, omission, neglect, or misconduct on his part in the manner or method of executing the work; or from his failure to properly execute the work; or from defective work or materials. He shall not be released from such responsibility until all claims have been settled and suitable evidence to that effect furnished the Commission. * * * Item 8. Prosecution and Progress. 8.1 Subletting or assigning of contract. The contractor will not be permitted to assign, sell, transfer, or otherwise dispose of the contract or any portion thereof, or his rights, title, or interest therein without the approval of the Commission. The contractor will not be permitted to sublet any portion of the contract without the approval of the Engineer. No subcontract will, in any case, relieve the contractor of his responsibility under the contract and bond. * * *"

■ Under points 2 and 3 and counter point 2, the question is: Does the evidence in the record show a prima facie cause of action against Grayson County or the State Highway Department? We think not. Such facts merely show a prima facie case against the contractor for passive negligence while he was operating and doing work under contract with Grayson County and the Highway Commission of Texas. Under such facts venue could not be sustained in Grayson County rather than in the county in which Crawford resided, under

**534**

either of secs. 4, 9, or 29a, Art. 1995, V.A. C.S.

Under the above holdings the trial court's judgment overruling the plea of privilege of appellant Crawford is reversed and the cause is now remanded to the trial court with instructions to enter judgment transferring venue of the cause as prayed for in the plea of privilege of Crawford.

Reversed and remanded with instructions.